UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICK BUCCIARELLI and RICK
BUCCIARELLI & ASSOCIATES, INC.,                    Case No. 2:08-cv-14349

       Plaintiffs,                                   HONORABLE STEPHEN J. MURPHY, III

v.

NATIONWIDE MUTUAL INSURANCE
CO.,

       Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR CONSOLIDATION** (docket no. 9)

    The individual plaintiff in this case, Rick Bucciarelli, was formerly an insurance agent for the defendant, Nationwide Mutual Insurance Company ("Nationwide").  The gravamen of his complaint is that Nationwide induced him to take out loans in order to expand his business by promising him that it would pay off the loans if he met certain performance targets, but that it fraudulently used incorrect data and assumptions in calculating those targets, rendering the goals much more difficult to reach than Nationwide led Bucciarelli to believe.

    Bucciarelli is not the only Nationwide agent who believes he was wronged by this loan program.  Two cases pending before other judges in this district involve claims arising out of a similar loan arrangement.  *See Bye v. Nationwide Mutual Insurance Co.,* case no. 2:08-cv-12213, and *Boeve v. Nationwide Mutual Insurance Co.*, case no. 2:08-cv-12213. Currently before the Court is Bucciarelli's motion to consolidate his action with those two.

    Federal Rule of Civil Procedure 42 permits a court to consolidate cases or portions of cases that are already before it, if they involve a common question of law or fact.  The instant motion, however, is for consolidation of a single case before this Court with two

cases not currently before it.  To effect such a consolidation, this case would first have to be reassigned to one of the judges hearing *Bye* or *Boeve*.  Local Rule 83.11(b) permits the judge to whom a civil case is assigned to reassign the case only (1) "[t]o promote judicial efficiency," or (2) when the case is a companion case to one that was previously filed. Companion cases are defined as "those cases in which it appears that: (i) substantially similar evidence will be offered at trial, or (ii) the same or related parties are present, and the cases arise out of the same transaction or occurrence."  Local Rule 83.11(b)(7)(A).

This Court does not regard this case as a companion to *Bye* or *Boeve*.  The cases arise out of separate transactions and occurrences – the various loans that were taken out by the respective plaintiffs – and for that reason each will require an entirely separate set of trial evidence.  Nor does the Court view this case as an appropriate one to transfer for purposes of judicial efficiency.  Like *Bye* and *Boeve*, this case does potentially present the question of the applicability of Michigan's Franchise Investment Law to Nationwide's insurance agency agreements.  The factual variations between the various cases, however, appear to the undersigned to be too great to justify whatever marginal efficiency gains might result from consolidation for this purpose.

**WHEREFORE**, it is hereby **ORDERED** that plaintiff's motion for consolidation is **DENIED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: April 9, 2009

2

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 9, 2009, by electronic and/or ordinary mail.

Alissa Greer
Case Manager